**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0498-19

DONELL JENKINS,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted January 13, 2021 – Decided April 19, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the New Jersey State Parole Board.

Richard M. Pescatore, PC, attorneys for appellant (Richard M. Pescatore, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Donell Jenkins appeals the August 28, 2019 final agency decision of the Parole Board (Board) denying parole and establishing a fifteen-month parole eligibility term (FET).  We affirm.

On October 7, 2016, Jenkins was sentenced to four years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, having entered a guilty plea to an amended count of second-degree robbery, N.J.S.A. 2C:15-1(a)(1).  The charge arose from Jenkins's shooting of the robbery victim.

On October 4, 2018, Jenkins was released from prison and began serving the three-year period of NERA mandatory parole supervision.  He agreed in writing to abide by certain conditions imposed by the Board including:  residing at a place approved by his parole officer; obtaining permission prior to any change of address; obtaining permission prior to leaving the state; enrolling in, complying with the conditions of, and successfully completing an outpatient drug counseling program.

Jenkins was referred to a Rescue Mission program in Trenton called "Another Chance Housing."  He never reported for his intake appointment. Jenkins's whereabouts were unknown until his October 31, 2018 arrest in Pennsylvania.

A-0498-19

At the January 24, 2019 probable cause hearing, Jenkins's parole officer testified that he referred Jenkins to Another Chance because Jenkins had nowhere to live after discharge. The parole officer was unaware of Jenkins's mental health issues; Jenkins did not tell him he feared retribution by the victim.

Jenkins also testified. He said that he went to a program called "Oaks Integrated Care[,] [asked] if particular social workers and supervisors were still employed at the program, [but] . . . was unable to access the building to sign in . . . ." He added that he was afraid to return to Trenton for "fear of [his] life." (alteration in original). He considered himself "stuck between a rock and a hard place[,]" and went on the run as a result.

Essentially, Jenkins pled guilty with an explanation to the parole violation, relying upon his fears for his own safety, and mental health diagnoses, in mitigation. The hearing officer concluded that the parole violations were sustained and that, because Jenkins was a flight risk, he should "continue[] in custody until such time as a [full] revocation hearing [could] be conducted."

On February 13, 2019, a two-member Board panel reviewed the record and the decision. The panel concurred that Jenkins was guilty of violating special parole conditions and that revocation was appropriate.

A-0498-19

At the April 2, 2019 full revocation hearing, the parole officer again testified. This time, however, Jenkins said that even though he had told the officer that he was fearful, the officer did not offer any assistance. Jenkins also said he had received information that the robbery victim "was out in the community and was shooting people."

After reviewing the evidence, the parole revocation hearing officer found Jenkins "not amenable to supervision at this time." Additionally, in light of his extensive criminal history, including prior parole failures, the hearing officer concluded that the aggravating factors outweighed the mitigating, and recommended the fifteen-month FET.

A two-member Board panel agreed with the recommendation on April 24, 2019; on August 28, 2019, the full board affirmed the prior decision. Jenkins appeals, arguing the following:

> POINT ONE
>
> THE BOARD FAILED TO MEET THE CLEAR AND CONVINCING [EVIDENTIARY] STANDARD, AND AS A RESULT, THE PANEL VIOLATED BOARD POLICY BY REVOKING [JENKINS'S] PAROLE.
>
> POINT TWO
>
> THE HEARING OFFICER/BOARD FAILED TO CONSIDER AND[,] IN FACT[,] DISREGARDED MATERIAL FACTS RELATING TO JENKINS'[S]

4

DOCU[M]ENTED PHYSICAL AND MENTAL DISABILITIES IN REVOKING JENKINS'[S] PAROLE AND FAILED TO PROVIDE ANY ACCOM[M]ODATION WHATSOEVER.

We consider these arguments to be so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following brief comments.

The scope of our review is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The Board is the agency responsible for determining "whether an inmate satisfies the criteria for parole release . . . ." Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (2016). These are highly "individualized discretionary appraisals" and are entitled to a presumption of reasonableness. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)); In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). We only intervene in a decision denying parole or imposing an FET if the appellant demonstrates the decision is "arbitrary, capricious, or unreasonable" or that it could not "reasonably have been reached on the credible evidence in the record." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

In this case, the Board's decision to deny parole and impose the fifteen-month FET was fully supported by the record. Jenkins did not and could not

deny that he never complied with any parole condition, and was in fact located in Pennsylvania. On that record, the Board's decisions were neither arbitrary nor capricious, nor an abuse of discretion.

Jenkins argues that the Board failed to take into account his physical and mental disabilities. Given that Jenkins did not mention these, or his alleged fears of the victim when he first met with his parole officer, they do not justify his failure to comply with any aspect of the special conditions imposed upon him.

The Board relied on substantial credible evidence in the record, including Jenkins's admission of facts he could not deny. Therefore, the Board did not act arbitrarily, capriciously, or unreasonably.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0498-19